NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 10 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-30169 |
| Plaintiff-Appellee, | D.C. Nos. 3:12-cr-00089-RRB-1 3:12-cr-00089-RRB |
| v. | |
| LAMAR JOSEPH FACINE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted June 8, 2022**
Anchorage, Alaska

Before:  HURWITZ, BRESS, and H. THOMAS, Circuit Judges.

Lamar Joseph Facine was sentenced to 150 months in prison after pleading

guilty to various offenses, including possession of a firearm as a felon, assault on a

federal agent, and possession of cocaine.  After serving 101 months of his sentence,

Facine moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  The

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court denied the motion, concluding that Facine failed to establish extraordinary and compelling circumstances and remained a danger to the community. Reviewing for abuse of discretion, *see United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam), we affirm.

1. When considering a motion for compassionate release, a district court may reduce a term of imprisonment "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," if it also concludes that "extraordinary and compelling reasons warrant the reduction." *Id.* at 800 (emphasis removed). The district court did not abuse its discretion in concluding that Facine's exposure to COVID-19 while in custody did not warrant a sentence reduction. The court considered the conditions of confinement, Facine's treatment while in custody, and the low rate of infection among inmates and staff members. The court observed that Facine had "recovered from COVID-19," and that any "symptoms related to depression and anxiety can be treated within the institution." These findings are not clearly erroneous. *See United States v. Keller*, 2 F.4th 1278, 1281–84 (9th Cir. 2021).

2. After finding that Facine's health circumstances did not present "extraordinary or compelling reasons" that justified a sentence reduction, the district court also concluded that his criminal history, conduct while on supervised release, and the danger he posed to the community did not warrant a sentence reduction.

These findings are supported by the record. *Keller*, 2 F.4th at 1284.

**AFFIRMED**.